**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

**IN RE ADELPHIA COMMUNICATIONS CORP., et al.,**

                    **Debtors.**

─────────────────────────────────

**THE BANK OF NOVA SCOTIA and CITIBANK, N.A.,**

                    **Appellants,**

             - **against** –

**ADELPHIA COMMUNICATIONS CORPORATION and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**

                    **Appellees.**

─────────────────────────────────

02-B-41729 (REG)

**06 Civ. 4983 (JGK)**

**OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The Appellees move to dismiss the appeal from the Decision and Order of the United States Bankruptcy Court for this district (the "Bankruptcy Court") dated May 15, 2006. (Docket No. 5595.)  That decision disallowed claims for additional "grid interest" made by the administrative agents under six separate credit facilities (the "Initial Appellants").  The Initial Appellants filed a joint Notice of Appeal on May 24, 2006.  On June 29, 2006, the Bankruptcy Court confirmed the Third Modified Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for the Century-TCI Debtors and the Parnassos Debtors (as confirmed, the "JV Plan").  On January 5,

2007, the Bankruptcy Court confirmed the First Modified Fifth
Amended Joint Chapter 11 Plan for Adelphia Communications
Corporation and Certain of its Affiliated Debtors (as confirmed,
the "Affiliates Plan").  Following the confirmation of the
Affiliates Plan, four of the six Initial Appellants have
withdrawn their appeal.  The Appellants are the two remaining
administrative agents, Bank of Nova Scotia ("BNS") as
administrative agent for the lenders under the Parnassos credit
facility, and Citibank N.A. ("Citibank") as administrative agent
for the lenders under the Century-TCI credit facility.

    The Appellees argue that the appeal should be dismissed
because the Bankruptcy Court retains exclusive jurisdiction to
interpret the Affiliates Plan, and therefore this Court lacks
jurisdiction to decide whether the appeal survived the
confirmation of that plan.  In the alternative, the Appellees
argue that the motion to dismiss should be granted because
pursuant to the Affiliates Plan the Appellants agreed to
voluntarily dismiss the appeal.  The Appellants argue that the
filing of the Notice of Appeal divested the Bankruptcy Court of
jurisdiction with respect to issues related to the appeal and
therefore jurisdiction lies in this Court to determine the
effect of the Affiliates Plan on the appeal.  The Appellants
contend that they were not parties to the Affiliates Plan in

their role as administrative agents and in any event the
Affiliates Plan does not contemplate dismissal of their appeal.

I.

The Appellees argue that the Bankruptcy Court retains
exclusive jurisdiction to determine whether the confirmation of
the Affiliates Plan resulted in the dismissal of the appeal.
However, the cases cited by the Appellees stand for the
uncontroversial proposition that when a confirmed plan contains
a jurisdictional retention clause, the Bankruptcy Court retains
jurisdiction over proceedings related to the plan.  See, e.g.,
Int'l Asset Recovery Corp. v. Thomson McKinnon Sec. Inc., 335
B.R. 520, 526-27 (S.D.N.Y. 2005); Back v. The LTV Corp. (In re
Chateaugay), 213 B.R. 633, 638-39 (S.D.N.Y. 1997).  After a
notice of appeal has been filed, bankruptcy courts do retain
jurisdiction to decide issues different from those on appeal.
See, e.g., In re Emergency Beacon Corp., 58 B.R. 399, 402-03
(Bankr. S.D.N.Y. 1986); In re Action Redi-Mix Corp., No. 03 Civ.
9583, 2005 WL 1337259, *2 (S.D.N.Y. June 7, 2005), aff'd, 175
Fed. Appx. 484 (2d Cir. 2006).  However, the cases cited by the
Appellees do not address the issue presented here, namely,
whether a Bankruptcy Court retains exclusive jurisdiction to
interpret the effect of a confirmed plan on a properly noticed
appeal.  The Appellants do not cite to any case where a district

court has deferred to a bankruptcy court for a determination of whether the district court has jurisdiction over a properly noticed appeal.

The Initial Appellants filed a proper joint notice of appeal from the Bankruptcy Court's order denying the claim of the administrative agents to additional grid interest. The filing of a bankruptcy appeal "confers jurisdiction on the [appellate court] and divests the [trial] court of control over those aspects of the case involved in the appeal." In re Winimo Realty Corp., 270 B.R. 99, 105 (S.D.N.Y. 2001) (internal citation omitted); see also In re Emergency Beacon, 58 B.R. at 402 ("Once a notice of appeal is filed 'no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.") (internal citation omitted); cf. In re Hubka, 82 B.R. 537, 538 (Bankr. D. Neb. 1988) (holding in the context of a motion to dismiss for failure to designate the record as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure that "[t]he appeals process could be frustrated if a judge could dismiss appeals from his own prior order."). Bankruptcy courts do not retain exclusive or concurrent jurisdiction with the district court over the subject matter of an appeal. In re Emergency Beacon, 58 B.R. at 402.

Therefore, the filing of the notice of appeal created jurisdiction in this Court to decide the appeal and issues raised by the appeal, namely, whether the Appellants have a claim for additional grid interest. The motion to dismiss the appeal relates directly to that determination, and therefore this Court should decide what effect the confirmation of the Affiliates Plan has on the Appellants' claim for additional grid interest.

## II.

Proceeding to the merits of the motion, the Appellees argue that the Affiliates Plan contemplated the withdrawal of the appeal by the Appellants. In particular, the Appellees rely on Section 5.2(c)(ii)(C), which states in relevant part:

> Each Accepting Bank Class, and solely with regard to subsection (x)(II) below, each holder of a Claim in such Class, shall be deemed to have (x) waived (I) any objection to confirmation of the Plan and (II) any claim or entitlement to (A) additional interest or Grid Interest (and shall be deemed to have irrevocably withdrawn and dismissed the Grid Interest Appeal with prejudice and without costs). . . ."

(Affiliates Plan § 5.2(c)(ii)(C), Bell Affirmation, Ex. F.) However, while this provision does contemplate the withdrawal of the appeal by the administrative agents of certain credit facilities, it does not contemplate the dismissal of the appeal by the Appellants in their capacity as administrative agents for the Parnassos and Century-TCI debtors.

The Appellees' argument that Citibank and BNS are subject
to Section 5.2(c)(ii)(C) and therefore agreed to dismiss the
appeal is without merit.  The Appellees conflate the Appellants'
role as administrative agents under the Parnassos and Century-
TCI credit facilities with their role as individual lenders
under other credit facilities subject to the Affiliates Plan.
Citibank and BNS held claims in their individual capacity as
creditors under credit facilities covered by the Affiliates
Plan, and therefore their participation in the confirmation of
the Affiliates Plan was made in their individual capacity as
lenders, not in their role as administrative agents for the
Parnassos and Century-TCI lenders.  It is plain that the
Appellants, acting in their individual capacity as lenders under
other credit facilities, could not agree to withdraw an appeal
which was filed by the Appellants as administrative agents on
behalf of creditors under the Parnassos and Century-TCI credit
facilities.  Therefore, while the Affiliates Plan appears to
have contemplated the dismissal of the appeal by the rest of the
Initial Appellants who were parties to the Affiliates Plan and
therefore bound by Section 5.2(c)(ii)(C), the Appellants were
not parties to the Affiliates Plan in their role as
administrative agents under the Parnassos and Century-TCI credit
facilities and therefore the Affiliates Plan does not
contemplate dismissal.  The fact that Citibank and BNS are bound

by the Affiliates Plan in their separate role as lenders under other credit facilities governed by the Affiliates Plan is irrelevant.

The fact that the appeal was originally filed as a joint appeal or that the Appellants did not object to adjournments of the briefing of the appeal pending negotiation and confirmation of the Affiliates Plan has no bearing on the question of whether the Appellants are bound by the terms of the Affiliates Plan. In any event, one of the letters on which the Appellees rely concedes that the negotiated plan might not resolve the claims as to all of the Initial Appellants. (See Letter from Daniela Raz to Hon. Richard C. Casey, Sept. 13, 2006, Bell Affirmation, Ex. B.)

The terms of the JV Plan and Affiliates Plan support the conclusion that the Affiliates Plan did not contemplate the dismissal of the appeal by the Appellants. The JV Plan clearly contemplated the continuation of the appeal. The JV Plan included the debtors' estimates of the Appellants' respective claims for additional grid interest and provided for the creation of a reserve if the decision of the Bankruptcy Court were reversed or vacated on appeal. (See JV Plan § 4.17(c)(ii), 4.22(c)(ii), Bell Affirmation, Ex. A.)

Consistent with the fact that the Appellants were not parties to the Affiliates Plan, the provision in the Affiliates

Plan requiring the dismissal of the appeal does not apply to the Appellants by its own terms.  Under the Affiliates Plan, the definition of "Prepetition Credit Agreement" does not include the Parnassos or Century-TCI credit facilities.  (See Affiliates Plan A-32.)  It follows that the Appellants were neither an "Accepting Bank Class" nor a holder of a claim in such a class, because they did not hold a claim "against a Debtor arising pursuant to a Prepetition Credit Agreement."  See Section 5.2(c)(ii)(A), Affiliates Plan A-9 (defining "Bank Claim").  Furthermore, while Section 5.2(c)(ii)(C) contemplated the waiver of any claim to "Grid Interest" and the withdrawal of the "Grid Interest Appeal", "Grid Interest" is limited to grid interest "with respect to a Prepetition Credit Agreement" and "Grid Interest Appeal" is limited by this definition of "Grid Interest".  (Affiliates Plan A-23, A-24).  Nor does the inclusion of "additional interest" change the analysis because, as noted above, the Appellants are not asserting a claim covered by Section 5.2(c)(ii)(C).  Therefore, Section 5.2(c)(ii)(C) does not require dismissal even if the Appellants were bound by the terms of the Affiliates Plan.

Furthermore, the Affiliates Plan explicitly states that "[e]xcept for Section 8.9 . . . no provision of the Plan . . . shall . . . modify the rights, benefits or obligations of . . . any Debtor or their respective Affiliates under . . . the JV

8

Plan or the JV Confirmation Order." Affiliates Plan § 1.3; see also Affiliates Plan A-15 (carving out the JV Debtors from the definition of Debtors). There is no provision in the Affiliates Plan stating that it applies to the Parnassos and Century-TCI lenders or otherwise requiring withdrawal of the appeal by the Appellants. Section 8.9, which provides for the transfer of residual assets of the JV Debtors to the administrator of the Affiliates Plan does not affect the Appellants ability to continue the appeal because the transfer pursuant to Section 8.9 is to be made "net of all Allowed Claims against the JV Debtors and any relevant reserves," which would include any reserves required by Sections 4.17(c)(ii) and 4.22(c)(ii) of the JV Plan.

## CONCLUSION

For the reasons stated above, the Appellees motion to dismiss the appeal is **denied**.

SO ORDERED.

Dated:     New York, New York
           December 20, 2007

_____
John G. Koeltl
United States District Judge