**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────

**IN RE ADELPHIA COMMUNICATIONS CORP., et al.,**

            **Debtors.**

────────────────────────────────

**THE BANK OF NOVA SCOTIA and CITIBANK, N.A.,**

            **Appellants,**

    - **against** –

**REORGANIZED DEBTORS AND THE ADELPHIA RECOVERY TRUST,**

            **Appellees.**
────────────────────────────────

**02-B-41729 (REG)**

**06 Civ. 4983 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The appellees in this action (the "movants") seek a certification pursuant to 28 U.S.C. § 1292(b) authorizing an interlocutory appeal of this Court's Order entered August 22, 2008, which reversed a determination of the Bankruptcy Court that had denied the appellants certain "additional grid interest."

Pursuant to § 1292(b), the Court may certify an issue for interlocutory appeal if it is "of the opinion" that (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal of the order may materially advance

1

the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The determination of whether § 1292(b) certification is appropriate under these standards initially lies within the discretion of the district court. See, e.g., Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs., 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (collecting cases). Interlocutory appeals are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (collecting cases). The institutional efficiency of the federal court system is a chief concern underlying § 1292(b), see Suozzo v. Bergreen, No. 00 Civ. 9649, 2003 WL 256784, at *3 (S.D.N.Y. Feb. 5, 2003), and the Court of Appeals has repeatedly emphasized that a district court is to "exercise great care in making a § 1292(b) certification." Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F. 2d 85, 89 (2d Cir. 1992). Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," and certification is warranted only in "exceptional cases" where early appellate review "might avoid protracted and

expensive litigation." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (internal quotations omitted); see also Consol. Edison, Inc. v. Ne. Utils., 318 F. Supp. 2d 181, 195-96 (S.D.N.Y. 2004); German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

In this case, the Court declines to certify this Court's prior Order for interlocutory appeal pursuant to § 1292(b). Irrespective of whether the other requirements of § 1292(b) are met, it is clear that certification would not materially advance the ultimate termination of the litigation. Although this Court reversed the Bankruptcy Court's determination, it noted that there were two other bases on which the appellants might be denied additional grid interest that the Bankruptcy Court did not reach – waiver and estoppel. This Court remanded the case to the Bankruptcy Court for a determination of those issues. See In re Adelphia Commc'ns Corp., Nos. 06 Civ. 4983, 02-B-41729, 2008 WL 3919198, at *5 (S.D.N.Y. Aug. 22, 2008). If one of those issues were decided in favor of the movants, they would prevail, rendering the purpose of the proposed interlocutory appeal moot. Even if the issues were decided against the movants, the issues should be decided before a final appeal to the Court of Appeals so that all of the issues could be considered by the Court of Appeals at the same time and

piecemeal appeals could be avoided.  The Court of Appeals has specifically warned against piecemeal appeals.  See, e.g., Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865 (2d Cir. 1996); State of New York v. Dairylea Co-op., Inc., 698 F.2d 567, 568 (2d Cir. 1983) ("[T]he strong federal policy against piecemeal appeals is basic to our jurisprudence").

Moreover, the movants have failed to adduce exceptional circumstances that would warrant an interlocutory appeal before all of the issues that might eventually be considered on a determination of the ultimate issue of the entitlement to grid interest have been decided.  The movants refer to the size of the sum in dispute ($117 million) and the large number of parties having an interest in it as exceptional circumstances justifying an interlocutory appeal.  But many bankruptcy cases involve a large sum of money and numerous parties that have an interest in it.  The movants have not shown how the circumstances in this bankruptcy case are exceptional.

## CONCLUSION

For the foregoing reasons, the motion for certification pursuant to 28 U.S.C. § 1292(b) is **denied.**  The Clerk is

directed to close Docket No. 66 and to close this case on the docket.

SO ORDERED.

Dated:   New York, New York
         December 31, 2008

John G. Koeltl
United States District Judge